UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KARA JO AIKENS ,

    *Plaintiff*,

*v*.                                                                          CASE NO. 15-10058

SYNCHRONY FINANCIAL                        DISTRICT JUDGE THOMAS L. LUDINGTON
   *d/b/a Synchrony Bank,*                         MAGISTRATE JUDGE PATRICIA T. MORRIS
*f/k/a GE Capital Retail Bank,*

    *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS (Doc. 8)**

**I.  RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion (Doc. 8) be **GRANTED**.

**II.  REPORT**

    **A.  Introduction**

On January 8, 2015, Plaintiff Kara Jo Aikens filed the instant complaint, alleging that Defendant Synchrony Financial violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*, by placing phone calls to Plaintiff's cell phone at least 101 times since October 29, 2014. (Doc. 1 at 2). On March 17, 2015, Defendant filed the instant Motion to Dismiss (Doc. 8). Plaintiff filed her response on April 3, 2015 (Doc. 11), and Defendant filed its reply on April 21, 2015 (Doc. 12). All pretrial matters have been referred to the undersigned. (Doc. 4). Defendant's motion is ready for report and

recommendation without oral argument pursuant to Local Rule 7.1(f)(2) of the Eastern District of Michigan.

### B. Motion to Dismiss Standards

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46, (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys.*

3

*Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

### C. <u>Analysis</u>

Plaintiff's complaint arises under the TCPA § 227, which prohibits using a "automatic telephone dialing system" [ATDS] which has the capacity to "to store or produce telephone numbers to be called, using a random or sequential number generator" and which can dial such numbers to "make any call . . . to any telephone number assigned to a . . . cellular telephone service." 42 U.S.C. § 227(a)-(b)(1)(iii).

Defendants allege in their motion to dismiss that "Plaintiff fails to allege sufficient facts to support [her claim]" including by failing to "identify the times of day she received these calls, the content of these calls, or anything else to indicate that these calls originated from an [ATDS]." (Doc. 8 at 1). Further, Defendants assert that "federal courts repeatedly have found that allegations merely stating that a defendant used an ATDS or artificial or prerecorded voice are insufficient to state a claim under the TCPA," because such allegations are a mere formulaic recitation of the elements of a TCPA claim. (*Id.* at 3, 6).[1]

---

[1] Defendants also argue that Plaintiff's claim is self-defeating, because the allegation that the calls "were made to a specific person" creates an inference that the calls "were not made by random or sequential number generation but were targeted from known numbers." (Doc. 8 at 7-8). On the limited factual allegations before the Court, it cannot be discerned whether the calls

Plaintiff retorts that she has provided much more than threadbare allegations, including allegations that the calls were "intended for an individual names Sam" (Doc. 1 at 2), that "Defendant continued to call Plaintiff's cell phone even after being advised that she was not the intended recipient" (*id.*), that she received "one hundred one (101) calls to her cell phone over a ten-week period at an average over 1.4 calls per day" (*id.*), and that she specifically pled that Defendant used an ATDS (*id*. at 7). Plaintiff also notes that "it is impracticable – if not impossible – for any TCPA plaintiff to obtain detailed, technical information regarding a defendants' [sic] telephone system before discovery has commenced" and thus concludes that merely alleging the use of an ATDS is sufficient to state a claim under the TCPA. (*Id*. at 9).

Plaintiff cites several cases in which courts found that the mere allegation of the use of an ATDS, without any further factual support, is in and of itself sufficient to sustain a claim under the TCPA § 227. However, various courts have also found that merely alleging that a defendant used an ATDS system is insufficient to state a claim for relief. *See Padilla v. Whetstone Partners*, LLC, No. 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014) (collecting cases and noting this split, and ultimately finding that the plaintiff had not stated a claim for relief because "when he answered his phone, he spoke to a live person" and failed to otherwise explain why it was likely that defendants were using an ATDS).

---

which Plaintiff received were targeted or random. However, because the Court finds that there are other reasons to grant the instant motion, it finds that it need not consider this argument at length.

5

Plaintiff first cites *Hashw v. Dep't Stores Nat. Bank*, 986 F. Supp. 2d 1058, 1061 (D. Minn. 2013), in which the court found that it must accept as true a plaintiff's allegation that a ATDS was used at the motion to dismiss stage, and noted that even if it was not bound to accept that assertion, the plaintiff had adequately supported the claim by asserting that "he received 112 calls over [approximately three months] and . . . the calls related to his debt and/or telemarketing."

In *Cunningham v. Kondaur Capital*, No. 3:14-1574, 2014 WL 8335868, at *6 (M.D. Tenn. Nov. 19, 2014), the court considered whether a complaint stating that the plaintiff received an unspecified number of "unsolicited and unwelcome text messages to [his] cell phone" which he had not consented to receive and which had an "automated nature," including identical content in each message, was sufficient to state a claim under the TCPA. The court found that the use of the term "automated nature" "border[ed] on being only a mere recitation of the required element," but was sufficiently bolstered by the plaintiff's allegation that the messages "were repeated within a short span of time and consisted of the same content." *Id*.

Plaintiff also cites to *Buslepp v. B & B Entm't, LLC*, No. 12-60089-CIV, 2012 WL 1571410, at *1 (S.D. Fla. May 3, 2012), where the court held that "the allegation that Defendant used . . . a[n ATDS] device (or one that has the capacity to store or produce telephone numbers to be called and to dial those numbers) is a factual allegation under *Twombly* and *Iqbal*," and is thus sufficient to plead that element under the TCPA, and to *De Los Santos v. Millward Brown, Inc.*, No. 13-80670-CV, 2014 WL 2938605, at *3 (S.D. Fla. June 30, 2014) in which the court held that "[t]o state a claim under the TCPA,

6

Plaintiff need only to allege that Defendant used an autodialer." While the Court recognizes that an allegation that a party used an ATDS is both an element of the cause of action and an assertion with some factual content, by itself this assertion does not render Plaintiff's claim plausible, because alone it does not explain why or how Plaintiff knows that an ATDS was used. *See Murray v. Chrysler Grp.*, LLC, No. 12-CV-14408, 2013 WL 5340782, at *3 (E.D. Mich. Sept. 23, 2013) ("[T]he Court must construe the complaint in favor of the plaintiff and determine whether plaintiff's factual allegations present claims plausible on their face."). Further, it is notable that in both *Buslepp* and *De Los Santos* the courts noted that the plaintiffs provided at least some some detail regarding the content of the messages or calls, thereby rendering the claim that an ATDS was used more plausible. Indeed, in nearly all of the cases which Plaintiff cites in defense of her complaint, the plaintiff offered at least some detail about the content of the calls received. *See* (Doc. 11 at 6-8); *Neptune v. Whetstone Partners, LLC*, 34 F. Supp. 3d 1247, 1250 (S.D. Fla. 2014); *Mashiri v. Ocwen Loan Servicing, LLC*, No. 3:12-CV-02838-L-MDD, 2013 WL 5797584, at *5 (S.D. Cal. Oct. 28, 2013); *Clayton v. Aaron's Inc.*, No. 3:13-CV-219, 2013 WL 3148174, at *1 (E.D. Va. June 19, 2013); *Hashw*, 986 F. Supp. 2d at 1061; *Robinson v. Midland Funding*, LLC, No. 10CV2261 MMA AJB, 2011 WL 1434919, at *3 (S.D. Cal. Apr. 13, 2011); *Reyes v. Saxon Mortgage Servs.*, Inc., No. 09CV1366 DMS (WMC), 2009 WL 3738177, at *1 (S.D. Cal. Nov. 5, 2009).

Numerous courts have also found that complaints which offered similar or greater factual support than the instant complaint were nevertheless insufficient to state a claim under the TCPA § 227. *See Padilla*, No. 14-21079-CIV, 2014 WL 3418490, at *2

7

(holding that a complaint which included allegations that defendants "call[ed] Plaintiff on numerous occasions, several times per day, and on back-to-back days," and alleged that he encountered both pre-recorded messages and spoke to live agents was insufficient to state a claim for relief because the plaintiff "d[id] not elaborate on the content of the pre-recorded message . . . [or] whether there was a pause upon his answering the call . . . [or] the content of the pre-recorded messages . . . or any other fact that would support his conclusory allegation that he received calls from an automatic telephone dialing system"); *Emanuel v. Los Angeles Lakers, Inc.,* No. CV 12-9936-GW SHX, 2013 WL 1719035, at *4 n.3 (C.D. Cal. Apr. 18, 2013), appeal dismissed (Apr. 29, 2014) (holding that "merely parroting th[e] definition" of an ATDS "is insufficient to state a claim under *Twombly* and *Iqbal*); *Baranski v. NCO Fin. Sys., Inc.*, No. 13 CV 6349 ILG JMA, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (holding that "Plaintiffs must do more than simply parrot the statutory language" defining ATDS and noting that "the vast majority of courts to have considered the issue have found that "a bare allegation that defendants used an ATDS is not enough") (quotation omitted); *Snyder v. Perry*, No. 14-CV-2090 CBA RER, 2015 WL 1262591, at *8 (E.D.N.Y. Mar. 18, 2015) (same); *Brailey v. F.H. Cann & Associates, Inc.*, No. CIV. 6:14-0754, 2014 WL 7639909, at *8 (W.D. La. Dec. 5, 2014) (same).

The Court finds that under *Iqbal*, "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," cannot be accepted as true on a motion to dismiss, thus the Court may not accept an assertion that an ATDS was used simply because Plaintiff states as much. 556 U.S. at 663. Further, unlike the plaintiff in

*Hashw*, Plaintiff has not provided *any* details about the content of the calls she received beyond noting that the caller attempted to reach someone named "Sam," and that she asserted to the caller (whether pre-recorded or live, Plaintiff does not say) that she was not the "Sam" they were looking for. (Doc. 1 at 2). Contrary to Plaintiff's contention that the use of an ATDS can be reasonably concluded based on the "frequency, number, nature and character of these calls" (*id.*), she has provided no factual allegations regarding the nature and character of the calls.

While plaintiffs cannot be expected to provide specific details about the type of dialing systems used to deliver the calls they receive, it is entirely reasonable to demand that plaintiffs provide sufficient information about the timing and content of the calls they receive to give rise to the reasonable belief that an ATDS was used. Plaintiff has not provided sufficient contextual details to determine whether she spoke to a human or merely heard a recording upon picking up the phone. If she spoke to a human, she has not indicated whether she heard a human voice immediately upon picking up her phone, or whether there was a significant period of "dead air," which is generally indicative of the use of an automatic dialer. *See Loveless v. A1 Solar Power, Inc.*, No. EDCV141779FMODTBX, 2015 WL 4498787, at *3 (C.D. Cal. July 23, 2015). Plaintiff's allegations permit the Court to infer that she received a great number of calls from Defendant's number, but no allegations in the complaint permit an inference that Defendants used an ATDS to accomplish these calls. To surmount this threshold, Plaintiff could plead those facts which are likely within her knowledge, but which she has not included in her complaint: the content of Defendant's calls, whether she spoke to a

9

human, whether there was dead air prior to a human picking up the line, or any other facts which may tend to make the use of an ATDS more likely. Because these facts were not alleged in her complaint, Plaintiff has not stated a plausible claim for relief under the TCPA § 227, and Defendant's motion to dismiss should be granted.

### D.     Conclusion

For the reasons above, I recommend granting Defendant's motion to dismiss (Doc. 8) and dismissing Plaintiff's complaint (Doc. 1) without prejudice.

### E.     Review

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 31, 2015                            S/ PATRICIA T. MORRIS
                                               Patricia T. Morris
                                               United States Magistrate Judge


**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: July 31, 2015                            By s/Kristen Krawczyk
                                               Case Manager to Magistrate Judge Morris